# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00557-RJC
# (3:18-cr-00099-RJC-DCK-1)

| | |
|---|---|
| GARLIN RAYMOND FARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion Pursuant to Rule 59(e) to Reconsider Petitioner's § 2255 Motion to Vacate and Motion for Certificate of Appealability." [Doc. 16].

On August 8, 2023, this Court denied and dismissed Petitioner's motion to vacate under 28 U.S.C. § 2255 on the merits and addressed Petitioner's other then-pending motions in a lengthy Order, which the Court herein incorporates by reference. [Doc. 14]. In pertinent part, the Court held that Petitioner failed to show prejudice relative to his claim that his trial counsel, Miranda Mills, was ineffective for failing to interview Joseph Mays, an alleged eyewitness to the subject drug transaction, and that Petitioner's post-trial counsel, Roderick Davis, was ineffective for delaying to file a motion for an extension of time to file a Rule 33 new trial motion. [Id. at 38, 44]. As to Mays, the Court concluded, in part, that Petitioner had "not shown that Mays was available, would have testified, and would have provided exculpatory testimony." [Id. (citations omitted)]. As to Davis, the Court concluded:

> The time to file a new trial motion … expired well before Davis was appointed to represent Petitioner. Moreover, Petitioner told Davis

> that he had not intended to file a new trial motion during the 14-day window and only reached that decision once Davis was appointed to represent him. [CR Doc. 85 at 1-2]. He also told Davis that he was not asserting that Mills was ineffective for failing to file the motion within 14 days. [Id.]. Davis filed the motion for new trial and motion for extension of time to file it after having obtained and reviewed the substantial record, as well as "pages and pages and pages and pages" of documents and cases Petitioner gave him. [See CV Doc. 1-2 at 12-13, 18, 23-24]. Also, Davis's decision not to move to reconsider the Court's denial of the motion for extension of time and motion for new trial were well within the wide range of reasonable professional assistance. Such motions are rarely granted and only in very limited circumstances that Petitioner has not shown. [See CV Doc. 1 at 35-36].

[Doc. 14 at 44]. Finally, because Petitioner asserted an extraordinary number of grounds for relief, related arguments, and alleged factual predicates, the Court noted that "any claims not specifically addressed by the Court herein have been carefully reviewed and considered and the Court finds them to be without merit." [Id. at 31 n.4].

Now pending is Petitioner's timely motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 16]. Petitioner asserts two primary grounds for relief. First, Petitioner argues that the Court "patently misunderstood" his argument "wherein he rebutted the government's presumption" that his trial counsel's failure to investigate Joseph Mays "prevented Petitioner from presenting a complete defense." [Id. at 2]. Petitioner posits that, "[t]he district court's review seems slanted when it failed to acknowledge Mays' arrest record that was presented to the Court, which Ms. Mills would have uncovered through a minor investigation or interview." [Id. at 5]. Second, Petitioner argues that the Court committed "error of law to not apply the standards set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) in evaluation of Petitioner's claim" that Davis' failure to argue "excusable neglect" in waiting to file a motion for extension of time to file a Rule 33 new trial motion was ineffective assistance. [Id. at 7-9]. Petitioner also argues that Davis' late filing created a conflict of interest

2

under which Davis labored, constituting ineffective assistance, and the Court erred in finding otherwise.  [Id. at 9-10].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Petitioner argues he is entitled to relief under Rule 59(e) "to correct error and prevent manifest injustice."  [Doc. 16 at 1].  Notwithstanding Petitioner's plain failure to show manifest injustice [see id. at 1, 3], the Court notes that it did consider Petitioner's reply brief, including his purported showing of prejudice on this issue [see Doc. 12 at 5-10], and simply found such showing unavailing.  Moreover, there is nothing "slanted" about the Court not addressing every statement or piece of information Petitioner presented to it.  To do so in this case would have unnecessarily and disproportionally consumed limited judicial resources.  Petitioner's arguments relative to Davis' handling of the Rule 33 motion and the Court's determinations relative thereto simply

3

rehash arguments Petitioner either did or could have made before final judgment was entered in this case. There was no need for the Court to undertake an analysis of the Pioneer factors in the context of its decision and Petitioner has not shown any "clear error of law." Because Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted, see Hill, 277 F.3d at 708, the Court will deny Petitioner's motion. The Court will also deny Petitioner's motion for a certificate of appealability on these issues for the same reasons it declined to issue such certificate in its final Order in this case. [See Doc. 14 at 57-58].

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion Pursuant to Rule 59(e) to Reconsider and Motion for Certificate of Appealability [Doc. 16] is **DENIED**.

Signed: October 11, 2023

Robert J. Conrad, Jr.
United States District Judge

4

Case 3:22-cv-00557-RJC   Document 17   Filed 10/12/23   Page 4 of 4